**Daniel L. Reinganum, Esq.**

**McDowell Law, PC**
**46 W. Main Street**
**Maple Shade, NJ 08052**
**856-482-5544 / DanielR@McDowellLegal.com**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **IN RE:** | **Christopher J. Galloway**<br>Debtor | **Chapter:** 13 |
| | | **Case No.:** **19-27226-JNP** |
| | | **Judge:** Poslusny |

### BRIEF IN RESPONSE TO CHAPTER 13 TRUSTEE'S OBJECTION TO EXPENSES

The Chapter 13 Trustee has objected to reasonableness of the Debtor paying for a 2014 Harley Davidson switchback and a 2005 Honda Accord. Presumably this is in order to increase the projected disposable income which must be paid to unsecured creditors. However, as will be show below, because

### I.     DISPOSABLE MONTHLY INCOME

The Trustee seeks to require the debtor to pay his projected disposable income pursuant to 11 U.S.C. §1325(b)(1)(B) which provides that if the trustee objects to the confirmation of the plan, the Couty may not confirm the plan unless the plan commits all of the debtor's projected disposable income over the term of the plan to pay unsecured creditors.

The Debtor has no projected disposable income as $1,635 of the household income comes from social security, which is excluded in calculating projected disposable income.

This issue was well analyzed by the 10th Circuit in *In re Cranmer*, 697 F.3d 1314 (2012), with a discussion as follows:

> "[t]he Bankruptcy Code does not define "projected disposable income". It defines "disposable income" as "current monthly income received by the debtor" less certain amounts, including amounts reasonably necessary "for the maintenance or support of the debtor or a dependent of the debtor" 11 U.S.C. §1325(b)(2). "Current monthly income" is defined as "the average monthly income from all sources that the debtor receives (or in a joint case, the debtor and the debtor's spouse receive) without regard to whether such income is taxable income." 11 U.S.C. §101(10A)(A). Benefits received under the Social Security Act, however, are specifically excluded from the definition of current monthly income. 11 U.S.C. §101(10)(A)(B). *Id. at 1317.*

The *Cranmer* court went on to hold that "[the debtor's] projected disposable income is calculated using his disposable income and, therefore, need not include his [Social Security Income]. *Id. at 1318.*

The Trustee objects to a payment of both $432.54 for the Harley Davidson and $377.39 for the 2005 Honda Accord. Even if one of the vehicle payments was objectionable, the amount is far less than the $1,635 of social security income the Debtor's household receives.

.

                          Respectfully Submitted,

                          McDowell Law, PC
                          Attorneys for the Debtor

                          BY:/s/ Daniel L. Reinganum
                          Daniel Reinganum